UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

SHMUEL LOWENBEIN and
DOVI LOWENBEIN, on behalf of themselves
and all others similarly situated,

                                        Plaintiff,

        -vs-                             **Case No. 11-CV-3426-KAM-RLM**

CAPITAL MANAGEMENT SERVICES, L.P.,

                                        Defendant.
───────────────────────────────────────────────

## **ANSWER TO COMPLAINT**

Defendant, CAPITAL MANAGEMENT SERVICES, L.P. ("CMS" or "Defendant"), by its attorneys, Davidson Fink LLP, for its Answer to Plaintiffs' Complaint, allege as follows:

      1.    In response to the allegations contained in paragraph 1 of Plaintiffs' Complaint, admits that the Plaintiffs purport to bring this action under the Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act of 1991 ("TCPA") as alleged, but denies that the Plaintiffs have any such claim against the Defendant, or have stated one within the Complaint.

      2.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 2 and 3 of the Complaint, and therefore denies said allegations.

      3.    CMS admits that its principal place of business is located in Buffalo, New York and otherwise denies the remaining allegations contained in paragraph 4 of the Complaint.

4. In response to the allegations in paragraphs 5 and 6 of the Complaint, state that said allegations constitute legal conclusions of the pleader to which no response is required, but to the extent that a response is required, admits that CMS is in the business of debt collection.

5. In response to the allegations contained in paragraphs 7 and 8 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, admits the jurisdiction and venue of this Court and otherwise denies the remaining allegations in those paragraphs of the Complaint.

6. Admits that the subject debt was placed with CMS to collect upon and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations pertaining to the subject debt or its default as alleged in paragraph 9 of the Complaint, and therefore denies said allegations.

7. Admits that CMS sent the Plaintiffs proper debt validation notices with respect to the subject debt as referred to in paragraph 10 of the Complaint.

8. CMS admits that it made certain collection calls to Plaintiff Shmuel Lowenbein in February 2011 and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 11, 12 and 13 of the Complaint, and therefore denies said allegations.

9. CMS admits that it made certain collection calls to Plaintiff Dovi Lowenbein in February 2011 and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 14, 15 and 16 of the Complaint, and therefore denies said allegations.

10. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraphs 17, 18, 19, 20, 21, 22, 23 and 24 of the Complaint, and therefore denies said allegations.

11. Denies the allegations contained in the first WHEREFORE clause of the Complaint.

12. In response to the allegations contained in paragraph 25 of the Complaint, Defendant repeats and realleges their admissions, denials and other responses to all prior or incorporated allegations.

13. Denies the allegations contained in paragraphs 26, 27, 28, 29, 30, 31, 32 and 33 of the Complaint.

14. Denies the allegations contained in the second WHEREFORE clause of the Complaint.

15. Denies all those allegations contained in Plaintiffs' Complaint not expressly admitted, denied or otherwise responded to herein.

### AS FOR A FIRST AFFIRMATIVE DEFENSE ON BEHALF OF DEFENDANT:

16. Repeats and realleges each and every allegation contained in paragraphs 1 through 15 above as though set forth in full herein.

17. Plaintiffs fail to state a cause of action for which relief may be granted, and any claim is mitigated and avoided.

### AS FOR A SECOND AFFIRMATIVE DEFENSE ON BEHALF OF DEFENDANT:

18. Repeats and realleges each and every allegation contained in paragraphs 1 through 17 above as though set forth in full herein.

19. Plaintiffs have failed to state a claim for actual damages in accordance with 15 U.S.C. §1692k.

### AS FOR A THIRD AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

20. Repeats and realleges each and every allegation contained in paragraphs 1 through 19 above as though set forth in full herein.

21. Plaintiffs failed to mitigate damages, if any.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

22. Repeats and realleges each and every allegation contained in paragraphs 1 through 21 above as though set forth in full herein.

23. If there were any FDCPA violations on the part of CMS, such violations were non-intentional and a *bona fide* error, *inter alia*, for purposes of 15 U.S.C. §1692k(b)(c).

### AS FOR A FIFTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

24. Repeats and realleges each and every allegation contained in paragraphs 1 through 23 above as though set forth in full herein.

25. Defendant did not make any false or misleading representation to Plaintiff or anyone else.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

26. Repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as though set forth in full herein.

27. Plaintiffs did not justifiably rely upon any alleged false or misleading representation.

### AS FOR A SEVENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

28. Repeats and realleges each and every allegation contained in paragraphs 1 through 27 above as though set forth in full herein.

29. Class treatment is grossly inferior to individual treatment in this case.

### AS FOR A EIGHTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

30. Repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as though set forth in full herein.

31. Plaintiffs are not adequate class representatives for this matter.

### AS FOR A NINTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

32. Repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as though set forth in full herein.

33. Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

### AS FOR A TENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

34. Repeats and realleges each and every allegation contained in paragraphs 1 through 33 above as though set forth in full herein.

35. Plaintiffs' claims are atypical of the prospective classes' claims. The claims of Plaintiffs are not typical of the classes' claims.

### AS FOR A ELEVENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

36. Repeats and realleges each and every allegation contained in paragraphs 1 through 35 above as though set forth in full herein.

37. Plaintiffs class claims lack requisite numerosity.

### AS FOR A TWELFTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

38. Repeats and realleges each and every allegation contained in paragraphs 1 through 37 above as though set forth in full herein.

39. Plaintiffs fail to state a cause of action under 47 U.S.C. §227(b)(1)(A)(iii) of the TCPA and any calls were made to a landline and would not constitute a paging service, cellular telephone service, specialized mobile radio service or other radio communication carrier service, or any service for which the called party is charged for a call.

### AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

40. Repeats and realleges each and every allegation contained in paragraphs 1 through 39 above as though set forth in full herein.

41. Plaintiffs lack standing to state a cause of action under 47 U.S.C. §227(b)(1)(A)(iii) of the TCPA as the Plaintiffs do not own the landline at issue in this lawsuit.

### AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

42. Repeats and realleges each and every allegation contained in paragraphs 1 through 41 above as though set forth in full herein.

43. Plaintiffs' actions as residential subscribers to have eVoice technology forward certain calls routed from a landline to any wireless telephone does not violate 47 U.S.C. §227(b)(1)(A)(iii) of the TCPA as per the Federal Communication Commission ("FCC") directive in <u>In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 20 FCC Rcd. 3788, 3807.

### AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE ON BEHALF OF DEFENDANT:

44. Repeats and realleges each and every allegation contained in paragraphs 1 through 43 above as though set forth in full herein.

45. Here, even though CMS was not using an auto-dialer that possessed capacity to store or produce numbers to be called, even if it did use such equipment, calls to a business and/or residential telephone number by a debt collector are specifically exempted by the TCPA.

### AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE ON BEHALF OF DEFENDANT:

46. Repeats and realleges each and every allegation contained in paragraphs 1 through 45 above as though set forth in full herein.

47. Plaintiffs offer no basis for the discretionally trebling of statutory damages under the TCPA.

WHEREFORE, Defendant respectfully request that Plaintiffs' Complaint be dismissed, Defendant's reasonable attorney's fees and costs and for such other and further relief which to the Court may seem just and proper.

DATED: September 15, 2011
       Rochester, New York

                                                    /s/:  Glenn M. Fjermedal
                                                    Glenn M. Fjermedal, Esq.
                                                    DAVIDSON FINK LLP
                                                    28 East Main Street, Suite 1700
                                                    Rochester, New York 14614
                                                    Telephone:  (585) 546-6448

                                                    Attorneys for Defendant
                                                    Capital Management Services, L.P.,